# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 16-1299V
Filed: July 27, 2018
UNPUBLISHED

| | |
|---|---|
| JULIE JODOIN,<br><br>      Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>      Respondent. | Special Processing Unit (SPU);<br>Attorneys' Fees and Costs |

*Franklin John Caldwell, Maglio Christopher & Toale, PA, Sarasota, FL, for petitioner.*
*Debra A. Filteau Begley, U.S. Department of Justice, Washington, DC, for respondent.*

### DECISION ON ATTORNEYS' FEES AND COSTS[1]

**Dorsey,** Chief Special Master:

  On October 7, 2016, petitioner filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act"). Petitioner alleges that she suffered a shoulder injury related to vaccine administration ("SIRVA") following an influenza ("flu") vaccination she received on November 19, 2015. Petition at 1. On February 26, 2018, the undersigned issued a decision awarding compensation to petitioner based on the parties' stipulation. (ECF No. 37).

  On July 3, 2018, petitioner filed a motion for attorneys' fees and costs. (ECF No. 41). Petitioner requests attorneys' fees in the amount of $23,646.60 and attorneys' costs in the amount of $1,019.79. *Id.* at 1. In compliance with General Order #9,

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, the undersigned intends to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

petitioner filed a signed statement indicating that petitioner incurred no out-of-pocket expenses.  *Id.* at 2. Thus, the total amount requested is $24,666.39.

On July 17, 2018, respondent filed a response to petitioner's motion.  (ECF No. 42).   Respondent argues that "[n]either the Vaccine Act nor Vaccine Rule 13 contemplates any role for respondent in the resolution of a request by a petitioner for an award of attorneys' fees and costs."  *Id.* at 1.  Respondent adds, however, that he "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case."  *Id.* at 2.  Respondent "respectfully recommends that the Chief Special Master exercise her discretion and determine a reasonable award for attorneys' fees and costs."  *Id.* at 3.

On July 18, 2018, petitioner filed a reply.  (ECF No. 43).   Petitioner disputes respondent's position that she has no role in resolving attorneys' fees and costs and further reiterates her view that her attorneys' fees and costs in this case are reasonable.

The undersigned has reviewed the billing records submitted with petitioner's request and finds a reduction in the amount of fees to be awarded appropriate for the reasons listed below.

Attorney Franklin John Caldwell billed 2.9 hours in 2018 at a rate of $391 per hour.  (ECF No. 41-1 at 14). The undersigned shall reduce Mr. Caldwell's hourly rate to the previously awarded rate of $385 for 2018.  *See Roetto v. Sec'y of Health & Human Servs.,* No. 16-0018V, 2018 WL 3031026, at *2 (Fed. Cl. Spec. Mstr. March 29, 2018) (setting Mr. Caldwell's rate for 2018). This results in **a reduction of fees in the amount of $17.40**.

Upon review of the records, a number of entries billed by the paralegals are for tasks better characterized as clerical or administrative. In the Vaccine Program, secretarial work "should be considered as normal overhead office costs included within the attorneys' fee rates."  *Rochester v. U.S.*, 18 Cl. Ct. 379, 387 (1989); *Dingle v. Sec'y of Health & Human Servs.*, No. 08-579V, 2014 WL 630473, at *4 (Fed. Cl. Spec. Mstr. Jan. 24, 2014).  "[B]illing for clerical and other secretarial work is not permitted in the Vaccine Program." *Mostovoy v. Sec'y of Health & Human Servs.,* No .02-10V, 2016 WL 720969, at *5 (citing *Rochester*, 18 Cl. Ct. at 387). A total 0.60 hours[3] was billed by paralegals on administrative tasks including, reviewing, organizing and uploading documents. For these reasons the request for attorney's fees is **reduced in the amount of $87.30**.[4]

The undersigned also notes that there is a duplicate billing entry dated January 18, 2017. (*Id.* at 6). This entry is for 0.20 hour and is listed as "Review and respond to e-

---

[3] These entries include December 21, 2015 (0.20 hours) "Review and organize retainer packet." and April 25, 2016 (0.10 hours) "Upload letter from employer to client file."

[4] This amount consists of 0.50 hours at $145 per hour and 0.10 hours at $148 per hour.

mail from client." The undersigned **reduces the request for attorney's fees by $29.00**, the amount of the duplicated entry.

The Vaccine Act permits an award of reasonable attorneys' fees and costs. § 15(e).  Based on the reasonableness of petitioner's request, the undersigned **GRANTS** petitioner's motion for attorneys' fees and costs.

**Accordingly, the undersigned awards the total of $24,532.69[5] as a lump sum in the form of a check jointly payable to petitioner and petitioner's counsel Franklin John Caldwell. Petitioner requests check be forwarded to Maglio Christopher & Toale, PA, 1605 Main Street, Suite 710, Sarasota, Florida 34236.**

The clerk of the court shall enter judgment in accordance herewith.[6]

**IT IS SO ORDERED.**

**s/Nora Beth Dorsey**
Nora Beth Dorsey
Chief Special Master

---

[5] This amount is intended to cover all legal expenses incurred in this matter.  This award encompasses all charges by the attorney against a client, "advanced costs" as well as fees for legal services rendered.  Furthermore, § 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein.  *See generally Beck v. Sec'y of Health & Human Servs.,* 924 F.2d 1029 (Fed. Cir.1991).

[6] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.